IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BIANCA WEBBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-748-ECM |
| | ) | [WO] |
| LEE ANN BENNETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On September 24, 2026, *pro se* Plaintiff Bianca Webber ("Plaintiff" or "Webber") filed this civil action against numerous Defendants. (Doc. 1). After careful review of the complaint, and for the following reasons, the Court finds that Webber's complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction.

This Court "must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The Court has federal question jurisdiction over a case if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1310

(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)). Moreover, the Court has diversity jurisdiction over a civil case that is "between citizens of different States" where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

Webber's complaint alleges the following single sentence: "Defendant(s) campaigned for partisan offices, the court should issue a mandate." (Doc. 1 at 1). The complaint contains no allegations regarding Webber's citizenship or the citizenship of any of the Defendants; therefore, it is insufficient to invoke this Court's diversity jurisdiction. Additionally, the allegation is insufficient to establish either that "federal law creates the cause of action" Webber seeks to bring or that Webber's right to relief "necessarily depends on resolution of a substantial question of federal law." *See Smith*, 236 F.3d at 1310 (citation omitted). Therefore, Webber's complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction. *See Webber v. Bennett*, 2026 WL 2248841, at *2 (S.D. Ga. Aug. 4, 2026) (discussing identical complaint, observing that Webber did not "provide any basis upon which federal jurisdiction exists," and recommending dismissal), *report and recommendation adopted*, *Webber v. Bennett*, 2026 WL 2498567 (S.D. Ga. Aug. 25, 2026).[1]

[1] Although this Court ordinarily should grant a *pro se* plaintiff leave to amend before dismissing a complaint, the Court need not do so when the amendment would be futile. *See Silberman v. Miami Dade Trans.*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (stating that a *pro se* plaintiff must be given one opportunity to amend before the court dismisses the action *with prejudice* but is not required to do when amendment would be futile). Here, the complaint does not indicate a basis to conclude that proper venue lies in this district, nor does it contain a sufficient basis for the Court to exercise personal jurisdiction over the Defendants. *See Webber v. Bennett*, 2026 WL 2716661, at *1 (N.D. Fla. Aug. 3, 2026) (observing, regarding an identical complaint, that the complaint did not "include any facts that suggest [the court] is an appropriate venue for this civil action" and recommending dismissal), *report and recommendation adopted*, 2026 WL 2694108

Additionally, Webber has filed identical complaints against the same Defendants in multiple federal district courts nationwide. *See, e.g.*, *Webber*, 2026 WL 2248841, at *2 (discussing identical complaint); *Webber*, 2026 WL 2716661, at *1–2 (discussing identical complaint and recommending dismissal for failure to state a claim and as malicious; explaining that Webber filed the same complaint in eleven other federal district courts). This Court has "both the inherent power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). Complaints such as Webber's containing no supporting facts and no apparent basis for proper venue in this district or the exercise of personal jurisdiction over the Defendants, and which are duplicative of other lawsuits filed in other federal courts, threaten to consume judicial time and resources unnecessarily at the expense of other litigants. This Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. Concomitant with this responsibility, this Court has the authority—and broad discretion—to fashion appropriate remedies aimed at curbing abuse of the judicial process. *See id.* at 1074–75; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam). For this additional reason, the Court finds that dismissal of this action without prejudice is appropriate. Further, Webber is CAUTIONED that, if she or anyone acting in concert with her files a duplicative or facially

(N.D. Fla. Sept. 14, 2026). Because it appears that Webber would not be able to state a plausible claim even if permitted to amend her complaint, the Court finds that amendment would be futile and thus declines to allow Webber to amend. This conclusion is bolstered by the fact that the Court will dismiss the complaint *without* prejudice.

frivolous complaint in the future, the Court may take additional steps to curtail her abusive litigation conduct, including but not limited to summarily dismissing the pleading and the action without prior notice or imposing a pre-filing screening requirement. *See Martin-Trigona*, 986 F.2d at 1385–88 (upholding a filing injunction against the plaintiff and anyone acting in concert with him based on the plaintiff's vexatious litigation conduct which abused the legal system).

Accordingly, upon review of the complaint, and pursuant to the Court's inherent authority to manage its docket and to "protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," *Procup*, 792 F.2d at 1073, it is

ORDERED as follows:

1. Webber's complaint (doc. 1) is DISMISSED without prejudice;

2. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

3. As a consequence of Webber's vexatious filing of duplicative actions, if Webber or anyone acting in concert with her files a duplicative or facially frivolous complaint in the future, the Court may summarily dismiss the pleading and the action without prior notice.

A separate Final Judgment will be entered.

DONE this 14th day of October 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE